```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                  :
EARL A. BATES, JR                 :
                                  :     CIV. NO. 3:06CV1848(HBF)
V.                                :
                                  :
TROOPER DELGAIS AND               :
TROOPER MUDRY                     :     OCTOBER 2, 2009
```

**Ruling on Pending Motions in Limine [Docs. #64 and 65]**

Pending are Defendants' Motion in Limine [Doc. #64] and Plaintiff's Motion in Limine [Doc. #65]. After careful consideration the Court rules as follows:

**Defendants' Motion in Limine [Doc. #64]**

The defendants, Troopers Gennaro Delgais and Michael Mudry, seek to preclude plaintiff from introducing into evidence, testimony and/or documentary evidence of: (1) a racial motivation for his alleged body cavity search; and (2) any litigation in which a settlement or verdict was reached in his favor, including but not limited to claims of excessive force and/or unlawful searches. Plaintiff consents to the limitation sought on the introduction of evidence concerning other litigation.

No evidence has been proffered to support a claim that the alleged digital body cavity search of plaintiff's rectum was racially motivated. Plaintiff testified at his deposition that he was searched only because "he is a black male and I ran from him so he predicted that I had drugs on me." Pl's Depo. p. 65, lines

1

9-10. However, plaintiff did not make any allegation in either his pro se complaint or amended complaint that any of the actions of defendants were racially motivated. When asked as his deposition if he was called any racist names, he responded, "[n]o, I didn't hear any racist names." Pl's Depo. p. 65, lines 17-18. Any testimony about the defendants' alleged motivation would be improper opinion evidence under Federal Rule of Evidence Rule 701.

Rule 701 states,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

One purpose of Rule 701(b) is to prevent lay witnesses from suggesting that the jury take such a jump. See U.S. v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992)(holding that "[rule 701] provide[s] assurance[s] against the admission of opinions which would merely tell the jury what result to reach"). Plaintiff's conclusions are not based on any facts reasonably perceived by him. Therefore, the Court concludes that opinion testimony concerning the defendants' motivation is inadmissible under the Rule.

Defendant's Motion in Limine is GRANTED.

Plaintiff's Motion in Limine [Doc. #65]

Plaintiff seeks to preclude admission of his prior or subsequent criminal history as well as his prison disciplinary

records.  Plaintiff argues that any inquiry into his criminal history or disciplinary history in Department of Corrections would prejudice him.[1]

    Federal Rule of Evidence Rule 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

    Plaintiff contends that the "jury may be unable to resist the correlation between this past crime and the present incident and may improperly determine that the plaintiff in this action was acting in conformity with his prior behavior."  Doc. #65 at 5-6.  The Court will permit evidence of plaintiff's 2004 conviction for Assault on a Peace Officer in violation of Conn. Gen. Stat. § 53a-167c because its introduction would not be unduly prejudicial and any prejudice is outweighed by its probative value.  First, this conviction is admissible under Rule 609 because the conviction took place within the past 10 years, and it was for a Class C felony carrying a maximum term of imprisonment of 10 years.  Additionally, applying the balancing test under Federal Rule of

---

[1] Plaintiff does not object to the admissibility of the convictions which stem from this incident.

Evidence 404(b),[2] the Court finds the probative value of this arrest outweighs its prejudical effect for the following reasons: The plaintiff is not a defendant in a criminal trial; this is the only prior conviction which will be allowed to impeach plaintiff on the present record; and plaintiff was on probation for that offense when he fled the police in this case; thus the conviction may provide proof of motive to evade the underlying arrest.  See United States v. Washington, 746 F.2d 104, 106-07 (2d Cir. 1984)(Newman, J., concurring).

Plaintiff's subsequent convictions for sale of hallucinogenic/narcotic substances in violation of Conn. Gen. Stat. 21a-277(a); Assault on a Peace Officer in violation of Conn. Gen. Stat. 53a-167c; and Interfering/Resisting Arrest in violation of Conn. Gen. Stat. 53a-167a are inadmissable on the present record.  There is little probative value to the use of this evidence for impeachment purposes in addition to the 2004 conviction and the convictions arising out of this incident, while the potential prejudice to plaintiff is greater because of the

---

[2] Federal Rule of Evidence 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon requests by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

similarity of his subsequent conduct to the defendants' version of events here. Should plaintiff's testimony raise issues of mistake or accident or other non-impeachment purposes for which the subsequent wrongful conduct would be admissible under Rule 404(b), the Court will reconsider this limitation.

Plaintiff's disciplinary records while incarcerated may only be offered should plaintiff open the door on direct examination. Plaintiff has claimed that he woke up after dreaming of this alleged assault and, as a result, assaulted his cellmate. Should plaintiff testify about this, defendants will be allowed to cross examine him concerning the 14 other disciplinary tickets plaintiff has received for other assaults. Otherwise, on the present record, plaintiff's DOC disciplinary record will not be the subject of inquiry.

If plaintiff would like the Court to give a limiting instruction when any evidence of prior bad acts is introduced, counsel should submit proposed instructions to the Court prior to the start of trial.

Accordingly, the Court GRANTS defendants' Motion in Limine [Doc. #64] and GRANTS IN PART AND DENIES IN PART plaintiff's Motion in Limine [Doc. #65].

SO ORDERED at Bridgeport this 2nd day of October 2009.

_____/S/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE